1  **UNITED STATES DISTRICT COURT**

2  **DISTRICT OF NEVADA**

3  * * *

| | |
|---|---|
| 4  UNITED STATES OF AMERICA, | Case No. 2:12-cr-00405-APG-CWH |
| 5                          Plaintiff, | **ORDER DENYING MOTION TO** |
| 6  v. | **VACATE OR CORRECT SENTENCE** |
| 7  JASON ALAN STEELE, | **PURSUANT TO 28 U.S.C. § 2255** |
| 8                          Defendant. | ECF No. 48 |
| 9 | |

10      Defendant Jason Steele pleaded guilty to one count of bank robbery in violation of 18 U.S.C.

11  § 2113(a). ECF No. 29.  Based on that offense and two prior federal bank robbery convictions, he

12  was sentenced to 151 months in prison as a career offender under United States Sentencing

13  Guidelines § 4B1.1. ECF Nos. 32, 33.  Steele subsequently filed a motion under 28 U.S.C. § 2255

14  to vacate his sentence. ECF No. 48.  He contends that he does not qualify as a career offender based

15  on the application of *Johnson v. United States*, 135 S.Ct. 551 (2015).  Steele is incorrect.

16      *Johnson* deemed unconstitutionally vague the Armed Career Criminal Act's residual clause

17  defining "violent felony."  The residual clause in Sentencing Guideline § 4B1.2(a)(2) contains

18  identical language.  The Supreme Court of the United States recently held that *Johnson* announced

19  a new substantive rule that has retroactive effect. *Welch v. United States*, 136 S.Ct. 1257, 1265

20  (2016).[1]  Nevertheless, Steele remains a career offender under Sentencing Guideline § 4B1.2(a)(1).

21  Under binding Ninth Circuit precedent, bank robbery qualifies as a crime of violence under the

22  elements clause of § 4B1.2(a)(1).  In *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990), the

23  Ninth Circuit held "that persons convicted of robbing a bank 'by force and violence' or

24

25

26  _____

27  [1] Even more recently, the Supreme Court granted certiorari to address the question, among others, of whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in § 4B1.2(a)(2). *Beckles v. United States*, No. 15-8544, 2016

28  WL 1029080, at *1 (U.S. June 27, 2016).

1   'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the

2   meaning of Guideline Section 4B1.1."

3          Steele questions the validity of *Selfa* in light of more recent decisions in *Descamps v. United*

4   *States*, 133 S. Ct. 2276 (2013); *Johnson v. United States*, 559 U.S. 133, 140 (2010); and *Taylor v.*

5   *United States*, 495 U.S. 575, 602 (1990).   However, the Ninth Circuit recently cited *Selfa* with

6   approval, confirming its continuing precedential value for the proposition that bank robbery

7   qualifies as a crime of violence under § 4B1.2(a)(1). *United States v. Howard*, No. 15-10042, 2016

8   WL 2961978, at *1 (9th Cir. May 23, 2016); *see also United States v. Watson*, No. 14-00751-01

9   DKW, 2016 WL 866298, at *7-8 (D. Haw. Mar. 2, 2016) (holding that bank robbery qualifies as a

10   crime of violence).   Based on *Selfa*, Steele qualifies as a career offender under the elements clause

11   of Sentencing Guideline § 4B1.2(a)(1).   Thus, his motion to vacate and correct his sentence must

12   be denied.

13          In denying Steele's § 2255 motion, I also must decide whether to issue a certificate of

14   appealability. *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. ("The district court must

15   issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

16   "The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553

17   (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).

18   A petitioner is required to demonstrate only "that reasonable jurists could debate the district court's

19   resolution or that the issues are adequate to deserve encouragement to proceed further." *Id.* (citation

20   omitted).   The standard "requires something more than the absence of frivolity but something less

21   than a merits determination." *Id*.

22          Reasonable jurists could debate the impact of *Johnson* on the Sentencing Guidelines, and

23   the validity of older cases like *Selfa* after *Descampes*, *Rendon*, and *Johnson*.   The Supreme Court's

24   recent grant of certiorari to address the applicability of *Johnson* to § 4B1.2(a)(2) confirms that this

25   area continues to evolve.   Thus, I grant Steele a certificate of appealability.

26   / / / /

27   / / / /

28

IT IS THEREFORE ORDERED that Steele's motion (**ECF No. 48**) **is DENIED**.

IT IS FURTHER ORDERED that Steele is **GRANTED a certificate of appealability**.

Dated this 28th day of June, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE